STATE OF OREGON,
*Respondent,*

*v.*

PAUL STEFAN OWCZARZAK,
*Appellant.*

(87-11706; CA A46859)

766 P2d 399

John Henry Hingson III, Oregon City, argued the cause for appellant. With him on the brief was ACLU Foundation of Oregon, Inc., Oregon City.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Brenda J. Peterson, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Defendant appeals his conviction for public indecency, ORS 163.465, after a trial to the court on stipulated facts. We reverse.

Defendant assigns as error the trial court's denial of his motion to suppress evidence obtained as a result of the same warrantless police surveillance that we discussed in *State v. Casconi,* 94 Or App 457, 766 P2d 397 (1988). Acting on the request of the highway department to investigate sexual activity in a public restroom on an interstate highway, the police installed two videotape cameras in "peepholes." The cameras were placed so that the police could watch what was occurring in and in front of the two toilet stalls. The stalls have no doors, but the stall interiors cannot be seen by a person entering the restroom. A person using the restroom would not be able to detect the presence of the cameras, which the police turned on when they saw "criminal activity."

The police saw defendant enter and sit in one of the two stalls. Another man entered the second stall. Defendant walked from his stall to the second with his pants down. He stood in front of the second stall and began to masturbate. He then entered the second man's stall briefly, and the man there touched defendant's arm. Defendant resumed his position outside the second stall and continued to masturbate. A third man entered the restroom, and defendant quickly returned to the first stall. The second man left. The third man sat on the toilet in the second stall and did not engage in any criminal activity or appear to observe any activities of defendant or the second man.

In *State v. Casconi, supra,* the police watched the defendant as he masturbated in a stall. The defendant was not seen by anyone and contacted no one in the restroom. We held that, under the analysis of Article I, section 9, of the Oregon Constitution as set forth in *State v. Campbell,* 306 Or 157, 759 P2d 1040 (1988), the use of a restroom stall without a door did not mean that a person was deprived of privacy and that the surveillance was an illegal search under Article I, section 9. We distinguished *State v. Holt,* 291 Or 343, 630 P2d 854 (1981), which involved police surveillance in the same restroom. In *Holt,* the officer saw no illegal activity while watching through a peephole but, after the officer sat in the neighboring

stall, he observed the defendant masturbating and attempting to contact a partner. The court affirmed the conviction, because the defendant could not expect privacy when committing acts so that others in the restroom could see him.

Defendant here exposed himself in the common area of the restroom as well as to another individual. He could have had no more expectation that his acts were "private" than the defendant in *Holt*. However, *Holt* employed a Fourth Amendment analysis, *see State v. Tanner*, 304 Or 312, 321 n 7, 745 P2d 757 (1987), and the Supreme Court has specifically rejected the "expectation of privacy" analysis for searches under Article I, section 9. *State v. Campbell, supra*, 306 Or at 164.

Article I, section 9, prohibits governmental acts that invade an individual's privacy interests. *State v. Campbell, supra*, 306 Or at 166. The protected privacy is not subjective; it is the right to be free from particular forms of governmental scrutiny. 306 Or at 170. In *Campbell*, officers, suspecting that the defendant had committed burglaries, placed a transmitter on his automobile in order to follow him to verify their suspicions. The court rejected the state's argument that the defendant had no privacy interest, on the ground that the transmitter, in giving the location of the defendant's automobile, disclosed only what any member of the public could legitimately observe. The court held that whether particular police conduct constitutes a search is not determined by whether other conduct might result in the same discovery. 306 Or at 167.

Similarly here, we reject the state's position that, because defendant's conduct took place in an area open to the view of others in the restroom, he had no protected privacy interest. The issue is not whether his activity could have legitimately been seen by another in the restroom but, rather, whether the surreptitious surveillance was a search that invaded his privacy. *See State v. Casconi, supra*. That determination depends on "whether the practice, if engaged in wholly at the discretion of the government, will significantly impair 'the people's' freedom from scrutiny * * *." *State v. Campbell, supra*, 306 Or at 171. The legality of police conduct is tested with respect to the ordinary citizen. *See State v. Holt, supra*, 291 Or at 353 (Linde, J., concurring). A restroom is a

place that, by its very nature, excludes unlimited observation. A person in a public restroom anticipates that another person might enter and see what is going on. What a person does not anticipate is that his activity will be seen by concealed officers or recorded by concealed cameras. That police surveillance, which allows no ready means for the person to determine that he is being watched, significantly impairs the people's freedom from scrutiny. *See State v. Campbell, supra,* 306 Or at 172.[1]

Reversed and remanded for a new trial.

**ROSSMAN, J.,** dissenting.

Whether defendant's Article I, section 9, privacy interests were invaded is a question of "right, not expectation." *State v. Tanner,* 304 Or 312, 321 n 7, 745 P2d 757 (1987). Because I do not believe defendant had a cognizable privacy right to engage in sexual acts in the common area of a public restroom, I dissent.

We can all agree on the inviolability of the toilet by the government. Police surveillance of restroom stalls is an unwarranted intrusion on " 'the people's freedom from scrutiny * * *.' " *State v. Campbell,* 306 Or 157, 171, 759 P2d 1040 (1988). At the same time, no search occurs where

"[p]ersons * * * conduct themselves in otherwise protected areas in such a way that their words or acts can plainly be seen or heard outside without any special effort. * * * [A] person's conduct within private premises may be such as to sacrifice the 'expectation of privacy.' " *State v. Louis,* 296 Or 57, 61, 672 P2d 708 (1983).

That is the case here. Defendant did not engage in a sexual act in the privacy of his restroom stall. On the contrary, he masturbated while standing in the common area of the restroom in front of a stall occupied by another. Defendant himself described this area as "very open to the public." He knew that his actions in the common area could be seen by

---

[1] Because of our disposition we do not address defendant's argument under the federal constitution, *see State v. Kennedy,* 295 Or 260, 262, 666 P2d 1316 (1983), or his remaining assignment of error.

anyone entering the restroom.[1] Had defendant performed his acts on the 50 yard line of a Seahawks game during halftime, he could not successfully contend that he had a right not to be videotaped. I see little difference between that and performing sexual acts in front of another, knowing that a member of the public could walk in at any moment. Both are fundamentally inconsistent with a claim that one's "privacy rights" have been violated.[2]

"What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States,* 389 US 347, 351-52, 88 S Ct 507, 19 L Ed 2d 576 (1967)(cited with approval in *State v. Campbell, supra,* 306 Or at 169). Because I believe the same is true of Article I, section 9, of the Oregon Constitution, I respectfully dissent.

---

[1] This case differs from *State v. Campbell, supra,* 306 Or at 157, in at least two respects. First, in *Campbell,* technological enhancements were required to see the defendant's conduct. Here, the officer monitoring the restroom used the videotape to record what he himself saw. As the *Campbell* court observed:

> "A court has never held * * * that a police officer engages in a search by making unaided observations from a public place, and an individual therefore cannot be said to have a constitutionally protected interest in freedom from such scrutiny." *State v. Campbell, supra,* 306 Or at 170.

Moreover,

> "whether the public in fact would have the same view that was captured on film * * * concerns the weight of the photographic evidence, not whether it resulted from an unlawful 'search.'" *State v. Louis, supra,* 296 Or at 61 n 2.

Second, in *Campbell,* the object of the police surveillance was Campbell's own car. By contrast, the bathroom here did not belong to defendant, but to the public.

[2] Defendant did not recover his privacy interest by darting back into his own stall when a third person entered the restroom. A desire for secrecy cannot be equated with a right to privacy. *See State v. Tanner, supra,* 304 Or at 322 n 7. It is not reasonable to use the "public area of a restroom to do things one wishes hidden from the eyes of others." *State v. Holt,* 291 Or 343, 350, 630 P2d 854 (1981).